**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

HIMANSHUKUMAR DESAI and SUHANIBEN
BHAKTA,

     **Plaintiffs,**

  **v.**                                     **Cause No.  2:25-cv-00388-GBW-GJF**

BEN SUAREZ, CHRIS SILVA, GERARDO
GONZALEZ, and HUGO GOMEZ,

     **Defendant.**

**PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS
AS TO DEFENDANT GERARDO GONZALEZ**

**COME NOW** Plaintiffs HIMANSHUKUMAR DESAI and SUHANIBEN BHAKTA, by

and through their undersigned counsel, and respectfully move this Court pursuant to Federal Rule

of Civil Procedure 12(c) for judgment on the pleadings as to Defendant GERARDO GONZALEZ.

The pleadings conclusively establish Plaintiffs' entitlement to judgment as a matter of law, and

Defendant's Answer fails to assert any legally cognizable defense to the unconditional personal

guarantee he executed.

**INTRODUCTION**

This motion seeks judgment on an unconditional personal guarantee that, by its express

terms, waives all defenses asserted by Defendant Gonzalez. The guarantee explicitly waives notice

of demand and notice of default—the very defenses upon which Defendant principally relies.

Where a guarantor voluntarily and unconditionally guarantees a debt and expressly waives notice

requirements, he cannot later claim those same waived provisions as defenses. The pleadings,

including the guarantee attached to the Complaint, establish Plaintiffs' right to judgment as a matter of law.

## STATEMENT OF FACTS

The following facts are established by the pleadings and documents properly before the Court:

1.      On October 31, 2022, iGlobal RE LLC ("Maker") executed a promissory note in favor of Plaintiffs in the principal amount of $150,000.00 with an annual interest rate of 3% (the "Note"). (Complaint ¶ 9, Ex. A).

2.      To induce Plaintiffs to enter into the transaction, Defendant Gerardo Gonzalez, along with three other defendants, executed an Unconditional Personal Guarantee securing payment of the Note ("Personal Guarantee"). (Complaint ¶ 10, Ex. B).

3.      Paragraph 5 of the Personal Guarantee states: "The undersigned waives notice of any demand by HIMANSHUKUMAR DESAI and SUHANIBEN BHAKTA as well as any notice of default in the payment of any and all amounts contained or reserved in the Note." (Complaint, Ex. B ¶ 5).

4.      The Personal Guarantee further provides that "The liability of the undersigned under this guarantee will be primary and in any right of action which accrues to HIMANSHUKUMAR DESAI and SUHANIBEN BHAKTA under the Note, HIMANSHUKUMAR DESAI and SUHANIBEN BHAKTA may, at their option, proceed against the undersigned without having commenced any action or having obtained any judgment against iGlobal RE, LLC." (Complaint, Ex. B ¶ 3).

5.      The Maker has defaulted on the Note, with $143,378.49 due and outstanding as of the filing of the Complaint. (Complaint ¶ 19).

6.     In his Answer, Defendant Gonzalez asserts as his primary defense that "Plaintiffs and/or their servicers failed to provide Defendant with any written notice of default, demand for payment, or opportunity to cure prior to filing this lawsuit." (Answer, Affirmative Defense B).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss. *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). The court accepts all well-pleaded allegations in the non-moving party's pleadings as true and draws all reasonable inferences in their favor. *Park University Enterprises, Inc. v. American Casualty Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). However, the court need not accept conclusory allegations or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Judgment on the pleadings is appropriate only when the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Sanders v. Mountain America Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (internal quotations omitted). Documents attached to the complaint are considered part of the pleadings for purposes of Rule 12(c). Fed. R. Civ. P. 10(c); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).

## ARGUMENT

**A. The Unconditional Personal Guarantee Is Valid and Enforceable.**

The Personal Guarantee is a contract to be interpreted by its plain language. *WXI/Z Southwest Malls Real Estate Liab. Co. v. Mueller*, 2005-NMCA-046, ¶ 11, 137 N.M. 343, 110 P.3d 1080. When the language of a contract is clear and unambiguous, the Court must enforce the

3

contract as written. *Ponder v. State Farm Mut. Auto. Ins. Co.*, 2000-NMSC-033, ¶ 11, 129 N.M. 698, 12 P.3d 960.

The Personal Guarantee executed by Defendant Gonzalez is clear and unambiguous. It states that Defendant "unconditionally guarantee[s]... absolutely and irrevocably the performance and payment" of the $150,000 Note. (Complaint, Ex. B). The guarantee is titled "UNCONDITIONAL PERSONAL GUARANTEE" and repeatedly emphasizes its unconditional nature throughout the document.

**B. Defendant Expressly Waived His Right to Notice of Default.**

The fatal flaw in Defendant's Answer is his reliance on the lack of notice as a defense—a right he expressly and unequivocally waived. Paragraph 5 of the guarantee could not be clearer:

> The undersigned waives notice of any demand by HIMANSHUKUMAR DESAI and SUHANIBEN BHAKTA as well as any notice of default in the payment of any and all amounts contained or reserved in the Note.

(Complaint, Ex. B ¶ 5). This waiver is enforceable under New Mexico law. Courts routinely enforce express waivers in personal guarantees. *See e.g.*, *Pavlantos v. Garoufalis*, 89 F.2d 203, 206 (10th Cir. 1937) ("An absolute guaranty is an unconditional undertaking . . . and such a guarantor is liable immediately upon default of the principal without notice.").

Defendant cannot now claim as a defense the very notice he voluntarily waived. "When a contract was freely entered into by parties negotiating at arm's length, the duty of the courts is ordinarily to enforce the terms of the contract which the parties made for themselves." *Nearburg v. Yates Petroleum Corp.*, 1997-NMCA-69, ¶ 31, 123 N.M. 526, 943 P.2d 560 (internal citation omitted).

**C. Defendant's Affirmative Defenses Fail as a Matter of Law**

Each of Defendant's affirmative defenses fails as a matter of law when evaluated against the express terms of the Personal Guarantee:

*1. Performance and Non-Default*

Accepting Defendant's factual assertion as true for purposes of this motion, recent payments do not extinguish liability for the outstanding balance or cure prior defaults.

*2. Failure to Provide Notice or Opportunity to Cure*

This defense is directly foreclosed by Paragraph 5's express waiver of "notice of any demand" and "any notice of default." (Complaint, Ex. B ¶ 5). Additionally, the guarantee contains no provision requiring an opportunity to cure, and Paragraph 3 explicitly allows Plaintiffs to "proceed against the undersigned without having commenced any action or having obtained any judgment against iGlobal RE, LLC." (Complaint, Ex. B ¶ 3).

*3. Waiver and Acceptance*

Defendant's claim that acceptance of payments constitutes waiver (Answer, Affirmative Defense C) lacks legal merit. The guarantee contains no provision suggesting that acceptance of partial payments modifies Plaintiffs' rights. To the contrary, the Personal Guarantee expressly provides that no action will constitute a waiver of the right to proceed in any other action. (Complaint, Ex. B ¶ 8).

*4. Failure to Accelerate in Accordance with the Note*

Defendant's assertion regarding lack of proper acceleration (Answer, Affirmative Defense D) is irrelevant to his guarantee obligations. The guarantee states that obligations include "payment when due of any and all sums due under the Note." (Complaint, Ex. B ¶ 6). When installment payments became due and were not paid, Defendant's guarantee obligations were triggered regardless of formal acceleration.

### 5. *Failure to Mitigate Damages.*

The duty to mitigate does not apply where a guarantee contains an absolute promise to pay. *See* 22 Am. Jur.2d Damages § 358 ("The rule that the plaintiff is required to protect itself from loss arising from a breach of contract does not apply when the defendant has made an absolute promise to pay . . . ."). Moreover, Paragraph 3 of the Personal Guarantee explicitly permits Plaintiffs to proceed directly against the guarantor without first pursuing the principal debtor. (Complaint, Ex. B ¶ 3).

### 6. *Offset and Credits*

By its terms, the Complaint accounts for payments received, alleging a specific outstanding balance as of that date. This defense presents no barrier to judgment on the pleadings, and Plaintiffs acknowledge that credit for all sums paid as of the date of judgment shall be credited to Defendant. As shown on the attached payment history, the present principal amount outstanding as of the date of this motion is $140,622.53.

### CONCLUSION

The pleadings establish that Defendant Gonzalez executed an unconditional personal guarantee containing express waivers of notice and other defenses. His Answer relies primarily on the very notice requirements he waived and fails to assert any defense that overcomes the guarantee's clear and unambiguous terms. Under New Mexico law, the guarantee must be enforced as written. No genuine issue of material fact exists, and Plaintiffs are entitled to judgment as a matter of law.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

A.     Grant judgment on the pleadings in favor of Plaintiffs and against Defendant Gerardo Gonzalez;

6

B.      Enter judgment against Defendant Gerardo Gonzalez, jointly and severally with the other defendants, in the principal amount of $140,622.53;

C.      Award Plaintiffs interest at the rate of 8.75% per annum from June 1, 2024, until paid in full, as provided in Paragraph 6 of the Unconditional Personal Guarantee;

D.      Award Plaintiffs their reasonable attorney's fees and costs pursuant to Paragraph 4 of the Unconditional Personal Guarantee; and

E.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JOHN D. WHEELER & ASSOCIATES,
a Professional Corporation,

By: *Elizabeth Watson*

Elizabeth K. Watson
John D. Wheeler
*Attorneys for Plaintiffs*
P.O. Box 1810
Alamogordo, NM  88311-1810
(575) 437-5750 (Telephone)
(575) 437-3557 (Facsimile)
jdw@jdw-law.com
ekw@jdw-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, a true and correct copy of the foregoing Motion for Judgment on the Pleadings was served on the following parties through the Court's CM/ECF system and/or by United States Mail, postage prepaid:

Gerardo Gonzalez
1522 Montana Ave
El Paso, TX 79902
1522montanallc@gmail.com
*Pro Se Defendant*

*/s/ Elizabeth K. Watson*

7