IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HIMANSHUKUMAR DESAI and
SUHANIBEN BHAKTA,

      Plaintiffs,

      v.                                 Case No. 2:25-cv-00388-KWR-GJF

BEN SUAREZ, CHRIS SILVA,
GERARDO GONZALEZ, and HUGO GOMEZ,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANT GONZALEZ**

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Judgment on the Pleadings as to Defendant Gerardo Gonzalez (Doc. 21). Because Defendant Gonzalez's affirmative defenses establish that a material issue of fact remains to be resolved, the Court cannot make a ruling as a matter of law.

Having reviewed the briefing, the exhibits, and the applicable law, the Court finds that Plaintiffs' motion is not well-taken and, therefore, is **DENIED**.

**BACKGROUND**

This dispute arises from the sale of real property by Plaintiffs Himanshukumar Desai and Suhaniben Bhakta to iGlobal RE LLC and the promissory note executed in connection with the sale ("Note"). Doc. 1 ¶ 8 (Complaint); Doc. 1-2 (Note). The Note was personally guaranteed by Defendants Ben Suarez, Chris Silva, Gerardo Gonzalez, and Hugo Gomez ("Guaranty"). Doc. 1 ¶ 9; Doc. 1-3 (Unconditional Personal Guarantee). Both the Note and Guaranty were signed by the parties on October 31, 2022. Doc. 1-2; Doc. 1-3.

According to the Note, iGlobal RE LLC was required to make monthly payments in the amount of $632, including interest, beginning on December 1, 2022. Doc. 1-2 at 1. On October 31, 2026, "the entire unpaid Principal Amount and accrued interest are due and payable in full." *Id.* In the Guaranty, Defendants stated that they "unconditionally guarantee, and each guarantees separately, absolutely and irrevocably the performance and payment" of $150,000 by iGlobal to Plaintiffs "as evidenced by" the Note. Doc. 1-3 at 1.

The Complaint alleges that iGlobal stopped making its monthly payments after May 2024, missing its payments from June 2024 through December 2025. Doc. 1 ¶ 12. After iGlobal defaulted on a secondary deed of trust and the real property was sold, iGlobal represented to Plaintiffs that it would "pay off the Note promptly." *Id.* ¶¶ 13–14. Thereafter, iGlobal made seven installment payments: four payments on January 13, 2025, and three payments on April 10, 2025. *Id.* ¶ 15. These payments did not fully cover iGlobal's missed payments, and, as of the filing of the Complaint, iGlobal "has failed and refused to make any further payments toward the Note." *Id.* ¶¶ 17–18.

On April 22, 2025, Plaintiffs filed the Complaint against Defendants Suarez, Silva, Gonzalez, and Gomez as guarantors of the Note. *Id.* In the Complaint, Plaintiffs requested that the Court find Defendants jointly and severally liable to Plaintiffs for $143,378.49, award attorneys' fees and costs, and award interest at the rate of 8.75% starting from June 1, 2024, until the amount owed is paid in full. *Id.* at 4.

On May 14, 2025, Defendant Gonzalez, appearing *pro se*, answered the Complaint. Doc. 3 (Answer). Defendants Gomez, Silva, and Suarez did not file an answer, and the clerk filed an entry of default as to those Defendants. Doc. 7 (Clerk's Entry of Default as to Hugo Gomez); Doc. 19 (Clerk's Entry of Default as to Chris Silva and Ben Suarez). On October 10, 2025, Plaintiffs

motioned for default judgment. Doc. 20 (Motion for Default Judgment). On the same day, Plaintiffs filed the instant motion, seeking a judgment on the pleadings as to Defendant Gonzalez. Doc. 21. On June 2, 2026, the Court awarded default judgment against Defendants Gomez, Silva, and Suarez. Doc. 26.

## LEGAL STANDARD

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings "should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

A court considering a motion for judgment on the pleadings should "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by*, *Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013). All of the non-moving parties' allegations are deemed to be true, and all of the movant's contrary assertions are taken to be false. *Nat'l Metro. Bank v. United States*, 323 U.S. 454, 456–57 (1945); *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000); *Freeman v. Dep't of Corr.*, 949 F.2d 360, 361 (10th Cir. 1991). Documents attached to the pleadings are exhibits and may be considered in deciding a Rule 12(c) motion. *Park Univ. Enters.*, 442 F.3d at 1244.

## DISCUSSION

In their motion, Plaintiffs state that the Court may determine that Plaintiffs are entitled to a judgment as a matter of law and that Defendant Gonzalez's Answer "fails to assert any legally

cognizable defense to the unconditional personal guarantee he executed." Doc. 21 at 1. Defendant Gonzalez did not respond to the motion.

Under D.N.M.LR-Civ 7.1(b), failure to respond to a motion "constitutes consent to grant the motion." But despite the definitive phrasing of the local rule, it is settled law in this circuit that a court may not grant a dispositive motion merely because an opponent fails to respond. *See, e.g., Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."); *Reed v. Bennett*, 312 F.3d 1190, 1196 (10th Cir. 2002) (stating that a party's failure to respond to a motion for summary judgment does "not relieve the court of its duty to make the specific determination required by Fed. R. Civ. P. 56(c)"). Thus, the Court will address the merits of Plaintiffs' motion.

Because Plaintiffs are seeking a judgment on the pleadings, the Court will view the facts presented and draw inferences in the light most favorable to Defendant Gonzalez. In conducting this analysis, the Court must consider Defendant Gonzalez's Answer when resolving factual disputes in the pleadings. When a plaintiff files a motion for judgment on the pleadings

> the effect of any denials in the defendant's answer must be considered. The court therefore determines whether the complaint, stripped of those allegations that are denied, still states a claim against the defendant. In other words, the allegations of the answer are taken as true, but those of the complaint are taken as true only when they do not conflict with denials in the answer.

2 *Moore's Federal Practice - Civil* § 12.38 (2026). Here, Defendant Gonzalez issued a general denial in his Answer, pursuant to Fed. R. Civ. P. 8(b)(3). In his Answer, Defendant denied "each and every material allegation" in the Complaint. Doc. 3 at 1. As a starting point, this leaves few facts upon which the Court can rely to issue a judgment. But Defendant Gonzalez did appear to

concede that late payments were made since, in his first affirmative defense, he stated that the Note "is no longer in default."

Defendant Gonzalez asserted multiple affirmative defenses: (1) performance and non-default, (2) failure to provide notice or opportunity to cure, (3) waiver and acceptance, (4) failure to accelerate in accordance with the Note, (5) failure to mitigate damages, and (6) offset and credits. *Id.* at 1–2. Defendant Gonzalez also averred that "[a]s of May 2025, the underlying debt has been brought current through payments made." *Id.* at 1. "[I]f the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) (citing 5 *Wright & Miller's Federal Practice and Procedure* § 1368 (1969)).

In their motion, Plaintiffs assert that Defendant Gonzalez's affirmative defenses are not legally cognizable. But, after reviewing the pleadings and the exhibits attached to the Complaint, the Court disagrees. The Court will address two affirmative defenses that raise material issues of fact. Since these affirmative defenses provide more than sufficient justification for denying the motion, the Court need not address Defendant Gonzalez's remaining affirmative defenses.

## I.      Performance and non-default.

First, Defendant Gonzalez raises a material issue of fact as to whether the Note is in default. In his first affirmative defense, Defendant Gonzalez states that the Note "is no longer in default. As of May 2025, the underlying debt has been brought current through payments made" to the escrow company. Doc. 3 at 1. In Plaintiffs' motion, they state that "recent payments do not establish liability for the outstanding balance or cure prior defaults." Doc. 21 at 5.

As an initial matter, the Court notes that the Guaranty is silent as to what constitutes a default. The Note, while specifying the consequences of default, also does not state what will

trigger a default. However, both parties agree that iGlobal has defaulted on the Note at some point due to its nonperformance.

Plaintiffs allege that, after falling behind on payments, iGlobal told Plaintiffs in January 2025, that "it would pay off the Note promptly." Doc. 1 ¶ 13–14. iGlobal then made payments on January 13, 2025, and April 10, 2025, which still "failed to bring current the balance for the history of missed installment payments." *Id.* ¶ 17. Just twelve days after the second round of payments were made, Plaintiffs filed the Complaint. Even if Defendant had not issued a general denial that arguably refutes these facts, the Court, accepting them as true, would find that they would raise a material issue of fact. Based on the alleged facts, it is unclear what the parties understood to be a "prompt" timeline for curing the default. Defendant's affirmative defense understands the January 2025 agreement to allow iGlobal to cure the default and continue payments under the Note. Plaintiffs accepted partial payment in January 2025. Plaintiffs again accepted partial payment in April 2025. With just these facts, viewing them in favor of Defendant Gonzalez, in January 2025, iGlobal and Plaintiffs could have understood May 2025 to be a "prompt" timeline for repayment. Thus, the Court cannot find that the Note is in default as a matter of law.

## II.    Waiver and acceptance.

Even if Defendant Gonzalez's defense as to performance and non-default did not preclude the Court from granting Plaintiffs' motion, Defendant's defense as to waiver and acceptance would. Defendant states that "Plaintiffs, through their ongoing acceptance of payments made via the escrow company, waived any right to declare a default or accelerate the Note. Plaintiffs' actions demonstrate acquiescence and acceptance of performance." Doc. 3 at 1. In their motion, Plaintiffs point out that the Guaranty "expressly provides that no action will constitute a waiver of the right to proceed in any other action." Doc. 21 at 5.

Again, Defendant Gonzalez does not appear to dispute that late payments were made, since, in his first affirmative defense, he states that the Note "is no longer in default." Thus, the issue is whether Plaintiffs abandoned their right to seek default by continuing to accept late payments.

"Generally, New Mexico cases have defined waiver as the intentional relinquishment or abandonment of a known right." *J.R. Hale Contracting Co., Inc. v. United New Mexico Bank at Albuquerque*, 1990-NMSC-089, ¶ 11, 799 P.2d 581, 585. "[T]he intent to waive contractual obligations or conditions may be implied from a party's representations that fall short of an express declaration of waiver or from his conduct." *Id.* Accepting payment notwithstanding a contract breach can be evidence of waiver. *See id.* ¶ 21 ("When a party accepts a late payment on a contract without comment he waives the default that existed."); *Easterling v. Peterson*, 1988-NMSC-030, ¶ 6, 753 P.2d 902, 903 ("Acceptance of rent with knowledge of an existing breach constitutes a waiver of the right of forfeiture for such breach."). A time delay in asserting rights does not necessarily mean that a party has waived its rights. *See Brown v. Jimerson*, 1980-NMSC-125, ¶ 7, 619 P.2d 1235, 1236 ("[W]e cannot say that appellees intended to relinquish their rights by not asserting them for some sixteen to twenty months."); *Molybdenum Corp. of Am. v. Brazos Eng'g Co.*, 1970-NMSC-098, ¶ 6, 472 P.2d 971, 972 ("Mere delay in rescinding a contract does not amount to a waiver of the right to rescind.").

Looking at the facts presented and drawing inferences in the light most favorable to Defendant Gonzalez, the Court finds that there are unresolved material issues of fact. There are key, unanswered questions as to whether Plaintiffs' conduct in accepting late payments waived the default. For example, how did Plaintiffs react when iGlobal missed payments and sent late payments? Had Plaintiffs accepted late payments before June 2024? Did Plaintiffs repeatedly accept late payments without comment? *See J.R. Hale Contracting Co.*, 1990-NMSC-089, ¶ 21

7

("When a party accepts a late payment on a contract without comment he waives the default that existed. With repetition his actions may suggest an intention to accept late payments generally."). Without answers to such questions, the Court requires a more complete record to decide the waiver issue as a matter of law.

Additionally, the Court does not believe that the existence of an "anti-waiver" clause would definitively bar Defendant Gonzalez's waiver defense. Although New Mexico courts have not interpreted anti-waiver provisions, the Court does not find that a New Mexico court would strictly interpret such a provision. New Mexico law allows for the waiver of default and modification of contracts through conduct and course of performance. *See Valley Bank of Comm. v. Hilburn*, 2005-NMCA-004, ¶ 23, 136 N.M. 741, 105 P.3d 294 ("Although the guaranty on its face required all changes to be in writing, oral modifications to a written contract are permissible under certain circumstances even when the contract specifies that modifications must be in writing."). And states around the nation have also determined that an "anti-waiver" clause may itself be waived through conduct. *See Westinghouse Credit Corp. v. Shelton*, 645 F.2d 869, 873–74 (10th Cir. 1981) ("[T]he weight of authority, and the view we think Oklahoma state courts would follow, is that an 'anti-waiver' clause, like any other term in the contract, is itself subject to waiver or modification by course of performance and that whether such waiver or modification has occurred is a question for the factfinder."); *see also, e.g.*, *Mounteer Enters., Inc. v. Homeowners Ass'n for the Colony at White Pine Canyon*, 2018 UT 23, ¶¶ 20–21, 422 P.3d 809 (anti-waiver clause may be waived if there is clear intent to waive both anti-waiver clause and underlying provision). Without determining the merits of the issue, Court believes that New Mexico would follow suit. *Cf. Tavarez v. AB Staffing Sols.*, 2024-NMCA-052, ¶ 6, 551 P.3d 857 (forum selection clause should be enforced unless "unreasonable under the circumstances" or offends public policy). Thus, the issue

of waiver relies on unresolved facts, and the Court cannot currently make a ruling as a matter of law as to this affirmative defense.

At this early stage and on the limited record before it, the Court is unable to find that no material issue of fact remains to be resolved. There are too many missing pieces and unsettled issues to grant Plaintiffs a judgment on the pleadings. Judgment as a matter of law is inappropriate.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Judgment on the Pleadings as to Defendant Gerardo Gonzalez (Doc. 21) is hereby **DENIED** for the reasons described in this Memorandum Opinion and Order.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

9